# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WASHINGTON COUNTY FAMILY ENTERTAINMENT, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2:17-cv-807 |
| RNN ENTERTAINMENT INC., et al. | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that Defendants' "Motion to Dismiss Because of Improper Venue" filed by Defendant Romel Marcus (ECF No. 25) and the "Motion to Dismiss" filed by Derrick Robinson (ECF No. 27) be DENIED.

**II.      REPORT**

    **A.   Procedural history**

Plaintiff initiated this lawsuit by the filing of a complaint on June 16, 2017 (ECF No. 1), which was later amended (ECF No. 13). On September 13, 2017, *pro se* Defendant Romel Marcus filed a motion to dismiss with brief in support (ECF Nos. 25, 26), to which Plaintiff Washington County Family Entertainment, LLC has filed a response (ECF No. 32) and Defendant Marcus has filed a reply (ECF No. 38). Also on September 13, 2017, *pro se* Defendant Derrick Robinson filed a nearly identical Motion to Dismiss with brief in support (ECF Nos. 27, 28), to which Plaintiff has responded in omnibus fashion (ECF No. 32) and Defendant Robinson has filed a reply (ECF No. 37). The matters are now ripe for disposition.

B. **Factual Allegations**

The Complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. §§ 1961 *et seq*. (Count I), as well as various torts under Pennsylvania law, namely fraudulent misrepresentation (Count II), conversion (Count III), unjust enrichment (Count IV), and civil conspiracy (Count V). Briefly, the Amended Complaint avers as follows. In February 2017 Plaintiff, a master tenant at a sporting event and entertainment facility in Washington, PA, met with a live event producer and booking agent Defendant Gustav Heningburg II and others to engage various artists perform live concerts at the park, including, among others, Wiz Khalifa, Lil Uzi Vert, Migos and Skrillex. After an agreement was reached, Plaintiff paid a deposits via wire transfer for the concerts, and began the process for selling tickets. Another artist, G-Easy, was also scheduled to perform after subsequent negotiations, an agreement, and a deposit. The Plaintiff learned that the parties with whom it had been negotiating and interacting were in fact not the exclusive agents or representatives for the artists. The June 10 and August 12, 2017 concerts never took place and Plaintiff demanded a refund of all wired monies. This lawsuit followed. Plaintiffs aver a scheme to defraud by the false representations that certain defendants were the booking agents or business associates of the artists.

Defendants Marcus and Robinson evoke a forum selection clause found in the Artist Performance Agreement ("the Agreement") which was purportedly entered into by and between Wiz Khalifa & Lil Uzi Vert And Friends by and through its designated agent and representative and Defendant herein, RNN Entertainment and another Defendant herein, The Bodie Group c/o Gus Heningburg (the "Promoter") on February 14, 2017. It states:

> **15. APPLICABLE LAW AND CHOICE OF FORUM**. This Agreement shall be deemed to have been made in the State of New York and its validity, construction,

performance and breach shall be governed by the law of that State applicable to agreements made and to be wholly performed therein. The parties agree to submit to the jurisdiction of the Federal or State Courts located in New York County in any action which may arise out of this Agreement and said courts shall exclusive jurisdiction over all disputes between parties pertaining to this Agreement and all matters relating thereto. . .

(ECF No. 26-1).

Plaintiff is not a named party to the alleged agreement, nor are Defendants Marcus and Robinson. Nevertheless, Defendants Marcus and Robinson move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3) because of improper venue.

### C. Discussion

Fed. R. Civ. P. 12(b)(3) permits a district court to dismiss a matter that is filed in the wrong venue. A defendant bears the burden of establishing that venue is improper. *Bockman v. First Am. Mktg. Corp.*, 459 Fed.App'x. 157, 160 (3d Cir. 2012). When deciding a motion to dismiss for improper venue, a court accepts the allegations in the complaint as true, and draws all reasonable inferences and resolves factual conflicts in a plaintiff's favor. *Id.* at 158 n.1.

Bearing in mind the leniency with which we must provide pro se litigants, we can also interpret the pending motions as a request for transfer of venue. A party may move to transfer a civil action pursuant to 28 U.S.C. § 1404, which provides in relevant part as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Generally, "[t]he burden of establishing the need for transfer ... rests with the movant," and "in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)

In *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, the Supreme Court addressed the impact of forum selection clauses on a court's venue analysis. 134 S. Ct. 568 (2013). The underlying dispute involved a subcontract with a Virginia forum selection clause. When a dispute regarding payment under the subcontract arose, the subcontractor, a Texas corporation who performed work under the subcontract in Texas, brought suit in Texas. *Id.* at 575-76. The contractor, a Virginia corporation with its principal place of business in Virginia, moved to dismiss the suit arguing that the forum selection clause "rendered venue in [Texas] 'wrong under [Section] 1406(a) and 'improper' under Federal Rule of Civil Procedure 12(b)(3)." *Id.* at 576. On appeal, the Supreme Court addressed two issues: (1) how to determine whether a venue is improper and whether a forum selection clause impacts this analysis; and (2) how parties and courts should enforce a forum selection clause. In *Atlantic Marine,* the Supreme Court made clear that forum selection clauses have no impact on whether a venue is improper; venue is determined exclusively by federal venue laws. *Id.* at 576. The Court held that Rule 12(b)(3) is not a proper mechanism to enforce a forum-selection clause; rather, the doctrine of *forum non conveniens* is. *Id*. at 580.

The Agreement relied upon by Defendants is a not a contract between Plaintiff and movant Defendants, but rather, other parties; the Plaintiff is not accused of any wrongdoing under it, and the dispute does not arise out of the contract containing the forum selection clause. Rather, the essence of the claims are largely tortious and arise out of extra contractual representations. We therefore see no reason to hold Plaintiff to the terms of the forum selection clause in the Agreement by dismissing or transferring the case to another district. *Steinmetz v. McGraw-Hill Global Education Holdings, LLC*, 220 F.Supp.3d 596 (E.D. Pa. 2016). Having this case heard in this District appears to be in the interest of justice, is not unduly inconvenient to the parties, and

equity would have us err on the side of keeping all the claims together.  Although the defendants are not from Pennsylvania, a significant portion of the case arose here, including negotiations with the defendants or their agents and the origination of wire transfers (Amended Complaint at ¶ 24).  The RICO statute permits that we bring the defendants before this court as well.  18 U.S.C. § 1964, 1965.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendants' "Motion to Dismiss Because of Improper Venue" filed by Defendant Romel Marcus (ECF No. 25) and the "Motion to Dismiss" filed by Derrick Robinson (ECF No. 27) be DENIED.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge.  In accordance with 28 U.S.C. § 636(b), Fed. R. Civ. P. 6(d) and 72(b)(2), and LCvR 72.D.2, Defendants, because they are a non-electronically registered party, may file objections to this Report and Recommendation by **December 4, 2017,** and Plaintiff, it is an electronically registered party, may file objections by **November 30, 2017**.  The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

Dated:  November 16, 2017