IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WASHINGTON COUNTY FAMILY ENTERTAINMENT, LLC, <br> Plaintiff, <br><br> v. <br><br> RNN ENTERTAINMENT INC., et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 2:17-cv-807 |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Presently pending before the court is a Motion for Alternative Service on Defendant Oluremi Daramola (ECF No. 65) filed by Plaintiff Washington County Family Entertainment, LLC ("Plaintiff" or "WCFE"). For the reasons set forth, the court will grant the motion.

**II. FACTUAL BACKGROUND**

In it motion Plaintiff WCFE avers that its efforts to serve named Defendant Daramola by the standard methods of service authorized by Rule 4 of the Federal Rules of Civil Procedure have failed because Daramola is "intentionally avoiding service of process." Daramola is the sole and managing member of defendant RTD Group LLC ("RTD"). The Summons was reissued on November 13, 2017 (ECF No. 50). According to Plaintiff, a private process server and investigator has attempted four times, on different dates and at different times, to serve the Summons and Amended Complaint upon Daramola at his listed residential address (without success), telephone calls to known legal counsel for RTD and Daramola have been unanswered and not responded to, and the private process server and investigator made four separate attempts to serve Daramola at

1

another residential address (without success), again at various times and on various dates. Furthermore Plaintiff's counsel sent a two emails to known legal counsel for RTD and Daramola attaching the Summons and Amended Complaint; although delivered, the emails were not responded to. A copy of one email was subsequently sent to that same legal counsel via confirmed facsimile, but to date counsel has not communicated with Plaintiff's counsel. Moreover, the California Secretary of State lists "Legalzoom.com" as the registered agent for RTD, and is thus authorized to accept delivery of copies of service of process on behalf of RTD. RTD was successfully served on November 27, 2017 via Legal Zoom. Nevertheless, Daramola has not been served.

WCFE proposes alternate means of service of process upon Daramola via three different methods, through: (a) an email with delivery receipt to thertdgroup@gmail.com; (b) United States certified mail and facsimile to Daramola's known counsel, Mr. Wander, Law Offices of Perry C. Wander, 454 Wilshire Boulevard, Penthouse, Beverly Hills, California 90212, Fax No. 310-274-9985; and (c) United States certified mail to RTD's registered agent, LegalZoom.

### III. DISCUSSION

In federal court, a plaintiff may serve a defendant pursuant to the law of the state in which the district court sits, or in which service is to be effected. Fed. R. Civ. P. 4(e)(1); *McFadden v. Weiss*, No. 13-2914, 2014 WL 5880097, at *2 (E.D. Pa. Nov. 13, 2014); *Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006). Thus, Plaintiff can satisfy Rule 4(e)(1) by serving Defendant in a manner consistent with either Pennsylvania or California law.

Under Pennsylvania law, a plaintiff may serve an individual defendant outside the Commonwealth.

(1) by personal service, as provided in Pennsylvania Rule 402(a);

(2) by mail, as provided in Pennsylvania Rule 403; and

(3) as permitted by the law of the jurisdiction in which service is to be made.[1]

*See* PA. R. Civ. P. 404(1)–(3).

If, however, "service cannot be made" outside the Commonwealth pursuant to the methods set forth in Pennsylvania Rule 404(1)–(3), the plaintiff "may move the court for a special order directing the method of service." *See* PA. R. Civ. P. 430(a) (emphasis added); *Calabro*, 464 F. Supp. 2d at 472 ("Alternative service is only appropriate when service 'cannot be made' under the applicable [Pennsylvania Rule]."). Such a motion for alternative service "*shall* be accompanied by an affidavit stating the nature and extent of the investigation [that] has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 430(a) (emphasis added).

Under Pennsylvania law, the plaintiff must meet three conditions for alternative service. *McFadden*, 2014 WL 5880097, at *2 (citing *Calabro*, 464 F. Supp. 2d at 471–72). First, the plaintiff "must make a 'good faith' effort to *locate* [the] defendant." *Calabro*, 464 F. Supp. 2d at 472 (citing *Grove*, 222 F.R.D. at 256; *Adoption of Walker*, 360 A.2d 603 (1976)) (emphasis in original).

> An illustration of a good faith effort to locate the defendant includes [:] (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

PA. R. Civ. P. 430(a). "It is not necessary that [the plaintiff] pursue every method listed in ...[Pennsylvania] Rule 430(a)...to satisfy the good faith effort requirement." *Calabro*, 464 F. Supp.

---

[1] California law permits a party to effect service by mailing "[a] copy of the summons and complaint ... to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. Proc. Code § 415.30(a-b).

2d at 472 & n.4 (citing *Long v. Polidori*, No. 03-1439, 2003 WL 21278868, at *1 (E.D. Pa. May 29, 2003)).

Second, "once [the defendant] is located, [the plaintiff] must show that she has made practical efforts to *serve* [the defendant] under the circumstances," but has been unable to do so. *Id.* (citing *Clayman v. Jung*, 173 F.R.D. 138, 142 (E.D. Pa. 1997)) (emphasis in original). "[The] [p]laintiff bears the burden to show that these efforts were made." *McFadden*, 2014 WL 5880097, at *4. With respect to this requirement, courts in the Third Circuit have

> found a plaintiff's efforts to be sufficient when he or she has made six attempts at service,...or repeated attempts[,]...including a stake out....On the other hand, courts have found efforts to be insufficient where three attempts were made with two falling on the same day of the week and two occurring at the same time of day[,]...or when two attempts were made on consecutive days of the week with the first being made to a vacant office.

*Viking Ins. Co. of Wis. v. Rivas*, No. 12-6899, 2013 WL 1842229, at *3 (E.D. Pa. May 1, 2013) (quoting *Olympic Steel, Inc. v. Pan Metal & Processing, L.L.C.*, No. 11-0693, 2011 WL 6739447, at *3 (E.D. Pa. Dec. 21, 2011)); *cf. Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009) ("To claim that the single service attempt under these circumstances satisfies the practical efforts standard requires a substantial reinterpretation of the standard itself.").

Third, assuming the plaintiff "satisfied the first two steps, [the plaintiff's] proposed alternate means of service must be reasonably calculated to provide [the defendant] with notice of the proceedings against him [or her]." *Calabro*, 464 F. Supp. 2d at 472 (citing *Clayman*, 173 F.R.D. at 140; *Penn v. Raynor*, No. 89-553, 1989 WL 126282, at *4 n.3 (E.D. Pa. Oct. 18, 1989); *Kittanning Coal Co. v. Int'l Mining Co.*, 551 F. Supp. 834, 838 (W. D. Pa. 1982)). As the court in *Calabro* noted:

> Service of process is not a mere technicality. Rather, constitutional due process requires that service of process be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

4

*Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

We have reviewed the pending motion and the attached exhibits and conclude Plaintiff has engaged in good faith efforts to locate Defendant's address, has made practical efforts to serve him through traditional means under the circumstances. Yet the proposed alternative methods of service must be reasonably calculated to provide Defendant with notice of the pending proceedings. Plaintiff's attorney has filed a declaration in support of the pending motion, attesting to the attempts to serve Daramola. Plaintiff's attorney states that "[u]pon information and belief, in his capacity as the managing member and Chief Executive Officer of RTD, Daramola utilizes the following email address: thertdgroup@gmail.com." (ECF No. 65-7 at p. 3). Attempts to serve Daramola via Perry C. Wander, Esq., known legal counsel for RTD through email and facsimile have not proven successful, although RTD's public website lists Daramola as its Chief Executive Officer and Founder. Given the history of apparent evasion, we are inclined to permit alternative service via email with delivery receipt to thertdgroup@gmail.com, as well as by legal publication in a legal journal or local newspaper, as well as to Darmola's known counsel.

AND NOW, this 4th day of January, 2018, upon consideration of Plaintiff's Motion for Alternative Service on Defendant Oluremi Daramola (ECF No. 65), and for good cause shown, it is ORDERED that the Motion is GRANTED and that:

1. Plaintiff shall serve the Summons and Amended Complaint upon Defendant Oluremi Daramola:

    a. By emailing Daramola at email with delivery receipt to thertdgroup@gmail.com;

    b. By mailing via United States certified mail and facsimile the documents to Daramola in care of his counsel Perry C. Wander, Esq.. 454 Wilshire

Boulevard, Penthouse, Beverly Hills, California 90212, Fax No. 310-274-9985; and

    c. By advertising a notice of the action in the Daily Journal of Los Angeles, California and the Los Angeles Times of Los Angeles California.

2. Service shall be complete and effective upon filing proof of service as directed.

<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

Dated: January 4, 2018