Dimitri D. Hurt, Esq. (CA SBN 292476)
Pro Hac Vice Admission (Pending)
**O'Connor & Hurt P.C.**
527 W. 7th Street, Suite 800
Los Angeles, CA 90014
Phone: 310-742-7600
Fax: 213-289-5990

Attorney for Defendant Selomon Goitom,

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WASHINGTON COUNTY FAMILY ENTERTAINMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RNN ENTERTAINMENT INC.; ROMEL MARCUS; DERRICK ROBINSON; BODIE ENTERTAINMENT, INC. a/k/a THE BODIE GROUP; GUSTAV HENINGBURG II; JAMES G. EVANS; FRANCESCO CINA; MING AND SONS, LLC; GOODLIFE ENTERTAINMENT L.L.C.; JOHN WARDLOW, JR.; THE RTD GROUP, LLC; OLUREMI DARAMOLA; SELOMON GOITOM; and JOHN AND JANE DOES 1 through 10,<br><br>Defendants. | Case No. 2:17-cv-807<br><br>**Magistrate Judge Cynthia Reed Eddy**<br><br>DEFENDANT SELOMON GOITOM NOTICE OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FRCP 12(b)2 |

## PRELIMINARY STATEMENT

This motion is submitted by Defendant Selomon Goitom ("Goitom") is support of his motion to have the Amended Complaint against him dismissed for lack of personal jurisdiction over him in Pennsylvania. As set forth herein and in the Declaration of Goitom submitted herewith, Plaintiff cannot establish the requisite elements needed for this Court to establish

personal jurisdiction over Goitom in this matter. As such, the Amended Complaint as to Goitom should be dismissed.

## STATEMENT OF FACTS

In Plaintiff's Amended Complaint, Plaintiff asserts causes of action against Goitom for violations of 18 U.S.C. §§1962(c), Fraudulent Misrepresentation, Conversion, Unjust Enrichment, and Civil Conspiracy. (The facts contained herein are set forth in the Declaration of Goitom, which is attached hereto as Exhibit AA.) At all times relevant to this matter, Goitom was a resident of California. Goitom never stepped a foot into Pennsylvania in regard to the matters of this lawsuit nor does he have any business dealings in Pennsylvania.

In short, Goitom does not have any contact with the State of Pennsylvania. Goitom has not directed any activities towards Pennsylvania. Goitom does not believe that there is a basis for personal jurisdiction over himself in Pennsylvania.

**I. THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT SELOMON GOITOM.**

A Federal Court may exercise personal jurisdiction over a non-resident of the forum "to the extent permissible under the law of the state where the district sits." Pennzoil Prods. Co. v. Colelli & Assocs., 149 F.3d 197, 200 (3d Cir.1998). In turn, Pennsylvania's long-arm statute authorizes the exercise of jurisdiction over a non-resident "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Const.Stat.Ann § 5322(b); see also O'Connor v. Sandy Lane Hotel, 496 F.3d 312, 316 (3d Cir.2007), noting that Pennsylvania's long arm statute "provides for jurisdiction based on the most minimum contact with the Commonwealth allowed under the Constitution of the United States." That is, as long as the requirements of the Due Process Clause of Fourteenth Amendment of the United States Constitution have been satisfied, jurisdiction will lie over non-resident defendants in Pennsylvania. Pennzoil Prods., Id. However, "[w]e cannot presume that jurisdiction is proper simply because the requirements of a long arm statue have been met…. [A] court must engage in due process analysis after it concludes that a

state's long arm statute extends jurisdiction to a defendant." Id. At 202-203. Because Pennsylvania's long arm statute "is co-extensive with the dictates of the Constitution," this Court's jurisdictional inquiry therefore "turns exclusively on whether the exercise of personal jurisdiction would conform with the Due Process Clause." Poole v. Sasson, 122 F.Supp.2d 556, 558 (E.D.Pa.2000).

"Under the due process clause, a court may not exercise personal jurisdiction over a non-resident unless there are certain minimum contacts between the defendant and the forum state." Time Share Vacation Club, 735 F.2d at 63. In evaluating whether personal jurisdiction exists, the Court may only consider the actions taken by the defendant individually. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 .S 408, 417. (Unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction.")

The basic principles of due process are reflected in the two recognized types of personal jurisdiction. See Marten v. Godwin, 499 F.3d 290, 296 (3d Cir.2007). "A Plaintiff may establish personal jurisdiction either by showing that the defendant has 'continuous and systematic' contacts with the forum state, in which case the cause of action need not arise from those contacts (general jurisdiction), 42 Pa. Cons.Stat.Ann. §5301, or by suing under a cause of action arising from minimum contacts of the defendant with the forum state (specific jurisdiction)." 42 Pa. Cons.Stat.Ann. §5322.

General and specific jurisdiction are "analytically distinct categories, not two points on a sliding scale. O'Connor, 496 F.3d at 321. In determining whether it has either general or specific jurisdiction over the non-resident defendant, a court must take "specific analytical steps." Pennzoil Prods., 149 F.3d at 200.

II. **THIS COURT LACKS GENERAL JURISDICTION OVER THE DEFENDANT SELOMON GOITOM.**

In establishing general jurisdiction, the court first determines whether the defendant's contacts with the forum state are "Systematic and continuous," i.e., sufficient to support general

personal jurisdiction. Id. "The threshold for establishing general jurisdiction is very high, and requires a showing of 'extensive and pervasive' facts demonstrating connections with the forum state. Reliance Steel Prods. Co. V. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982). "The plaintiff must show significantly more than mere minimum contacts to establish jurisdiction. In short, this higher threshold demands contacts with the forum which approximate physical presence." William Rosenstein & Sons Co. v. BBI Produce, Inc., 123 F.Supp.2d 268, 274 (M.D.Pa.2000).

Here, as set forth in Goitom's Declaration, he clearly does not have a physical presence in Pennsylvania and general jurisdiction does not exist over him in Pennsylvania.

### III. THIS COURT LACKS SPECIFIC JURISDICTION OVER SELOMON GOITOM.

In the absence of general jurisdiction, a court must determine whether the requirements of specific personal jurisdiction has been met.

For a Court to properly exercise specific personal jurisdiction, a plaintiff must satisfy a three-part test. First, "the plaintiff must demonstrate that the defendant has sufficient minimum contacts with the forum state." Then, once minimum contacts are established, jurisdiction would be proper "when the Court determines in its discretion that to [exercise jurisdiction] would comport with traditional notions of fair play and substantial justice." Whether the jurisdiction of the Court is general or specific, the nature of the defendant's contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." World-wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Once the "purposeful availment" and "relationship" requirements are met, the Court may exercise jurisdiction over a defendant so long as that jurisdiction comports with fair play and substantial justice. Id. At 476. In this regard, the Defendants must present a compelling case that for some reason jurisdiction here would be unreasonable. Id. At 477.

In IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254 (3rd Cir.1998), the Court concluded that the defendant must manifest behavior intentionally targeted at and focused on the forum, a

requirement which will typically "require some type of entry" into the forum state. IMO Indus. At 265. In that case, the Court found that despite seven face to face meetings, as well as multiple telephone calls and letters between the parties, there was insufficient contacts to establish jurisdiction over the non-resident defendants. None of the meetings occurred in New Jersey, the forum state, the written correspondence had been directed to IMO's agent in New York and forwarded to plaintiff in New Jersey and the telephone calls all originated with IMO. Id. At 267-268.

Here, personal jurisdiction does not exist over Goitom. Personal jurisdiction over a defendant exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Here, Goitom has not directed any activities at the forum state. During the relevant time periods, Goitom never even entered the state of Pennsylvania.

Since International Shoe Co. v. Washington, 326 U.S. 310 (1945), the Supreme Court has employed a broad standard to ascertain the existence of personal jurisdiction. Under this standard, the Supreme Court has found that contacts supporting specific jurisdiction can take many different forms. For example, see Burger King, 471 U.S. at 474-75, Defendants entry into a long term business contract with a resident of the forum was sufficient to involve a specific jurisdiction. See also UBID, Inc. at 430, the "tacit quid pro quo that makes litigation in the forum state reasonably foreseeable exists when out of states residents avail themselves of doing business in the former state but do so in exchange for submitting to jurisdiction in that state for claims arising from or relating to those activities."

Here, Plaintiff has not met the burden of establishing that this Court may exercise specific jurisdiction over Goitom. Defendant Goitom does not have the requisite minimum contacts with the State of Pennsylvania. Goitom has not availed himself of the privilege of conducting business within the State of Pennsylvania. Goitom should not reasonably anticipate being "haled" into court in Pennsylvania.

DEFENDANT SELOMON GOITOM NOTICE OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FRCP 12(b)2

This Court's exercise of jurisdiction over Goitom will also offend 'traditional notions of fair play and substantial justice." Goitom does not live in Pennsylvania nor is he doing any business in Pennsylvania. As an individual, it is respectfully submitted that the exercise of jurisdiction over Goitom would offend fair play and substantial justice.

## CONCLUSION

Plaintiff asserts that Defendants James G. Evans ("Evans") and Francesco Cina ("Cina") told Plaintiff that they met with Defendant Goitom in California, Goitom's state of residence, to discuss the G-Eazy concert (furthering the alleged conspiracy). By Plaintiff's own admission, even as it relates to the controversy in this action, Goitom had never conducted business in Pennsylvania. Second, even assuming Goitom did meet with Evans and Cina in California to conspire against the Plaintiff, the unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction. Plaintiff never had direct communication or contact with Goitom. This alleged meet up in California is being used to tie Mr. Goitom into this lawsuit in Pennsylvania.

For all the reasons above, Defendant Goitom respectfully request that this Motion be granted in its entirety.

O'CONNOR & HURT P.C.

Dated: November 29, 2017

By: _____
Dimitri D. Hurt, Esq. Attorney for
Defendant Selomon Goitom

EXHIBIT AA

Dimitri D. Hurt, Esq. (CA SBN 292476)
Pro Hac Vice Admission (Pending)
**O'Connor & Hurt P.C.**
527 W. 7th Street, Suite 800
Los Angeles, CA 90014
Phone: 310-742-7600
Fax: 213-289-5990

Attorney for Defendant Selomon Goitom,

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WASHINGTON COUNTY FAMILY ENTERTAINMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RNN ENTERTAINMENT INC.; ROMEL MARCUS; DERRICK ROBINSON; BODIE ENTERTAINMENT, INC. a/k/a THE BODIE GROUP; GUSTAV HENINGBURG II; JAMES G. EVANS; FRANCESCO CINA; MING AND SONS, LLC; GOODLIFE ENTERTAINMENT L.L.C.; JOHN WARDLOW, JR.; THE RTD GROUP, LLC; OLUREMI DARAMOLA; SELOMON GOITOM; and JOHN AND JANE DOES 1 through 10, <br><br> Defendants. | Case No. 2:17-cv-807 <br><br> **Magistrate Judge Cynthia Reed Eddy** <br><br> DECLARATION OF DEFENDANT SELOMON GOITOM |

### DECLARATION OF SELOMON GOITOM

Selomon Goitom, of full age and under penalty of perjury herby deposes and says:

1. I am a resident of California.
2. I have been a resident of California my entire life.

- 1 -
DECLARATION OF DEFENDANT SELOMON GOITOM

3. I have a California driver's license (D5896273)

4. I do not own any property in Pennsylvania.

5. I have never conducted business in Pennsylvania.

6. I have never booked hip hop artist G-Eazy or any other artist for a show/performance/engagement in Pennsylvania.

7. Upon information and belief, I do not have any family in Pennsylvania.

8. I have been to Pennsylvania twice in my life. Once in August 2013 on my way from Washington D.C. to New York, I stopped in Philadelphia for a world famous cheesesteak. The second time was in September 2015 when I went to watch a music festival called Made in America.

9. On March 23, 2017, I received an email from co-Defendant Oluremi Daramola a/k/a Remi Daramola ("Daramola") owner of co-Defendant The RTD Group, LLC ("RTD") asking to book hip hop artist G-Eazy for $100,000 for a show at Console Energy Park in Washington, PA. (See Exhibit A)

10. On April 24, 2017, I forwarded Defendant Daramola's and Defendant RTD's offer to book G-Eazy for $100,000 to Matt Bauerschmidt. Mr. Bauerschmidt is G-Eazy's manager. (See Exhibit B)

11. On April 24, 2017, Mr. Bauerschmidt emailed me back saying that they were "passing" on this opportunity. (See Exhibit B)

12. On April 24, 2017, I responded to Mr. Bauerschmidt that I received his message that he had passed on behalf of G-Eazy. (See Exhibit B)

13. Shortly thereafter I informed Defendant Daramola that G-Eazy would not be accepting the offer.

14. On October 11, 2017, In response to me being named in this current lawsuit, I received an email from Defendant Daramola stating "Selomon I don't even understand and get why your name is included in this fiasco. I NEVER told them yes because never got the go ahead from you and when you told me it couldn't happen I told the

same thing like 5 weeks before the show date they had so I don't get their motive. I was just as surprise as you when you sent me the livenation link". (See Exhibit C)

15. I never entered into an agreement on behalf of G-Eazy to perform in Pennsylvania for the event that I am currently being sued for.

O'CONNOR & HURT P.C.

Dated: November 29, 2017

By: *Selomon Goitom*
SELOMON GOITOM

- 3 -
DECLARATION OF DEFENDANT SELOMON GOITOM

EXHIBIT A

From: **Selomon Goitom** selomong9@gmail.com
Subject: Fwd: June 10 date
Date: November 13, 2017 at 2:11 AM
To: Dimitri@oconnorhurt.com



---------- Forwarded message ----------
From: **Remi Daramola** <remi.daramola@gmail.com>
Date: Thu, Mar 23, 2017 at 3:31 PM
Subject: June 10 date
To: Selomon Goitom <selomong9@gmail.com>

Date: 6/10/17

Artist: G-Eazy

Venue: Console Energy Park
1 Washington Federal Way, Washington, PA 15301

Engagement: Special guest performer for Lil' Uzi Vert & Friends show

Offer: $100,000 USD

--
Remi T. Daramola - CEO & Founder
The RTD Group | www.thertdgroup.com
**C:** 310.736.0817 | **P:** 213.536.4263 | **F:** 213.536.4267

Facebook | Twitter | Instagram | YouTube
*Entertainment, Marketing & Promotions.*

EXHIBIT B

From: **Selomon Goitom** selomong9@gmail.com
Subject: Fwd: G Eazy Offer I June 10th, 2017
Date: November 13, 2017 at 2:15 AM
To: Dimitri@oconnorhurt.com



---------- Forwarded message ----------
From: **Selomon Goitom** <selomong9@gmail.com>
Date: Thu, Jun 15, 2017 at 11:54 AM
Subject: Fwd: G Eazy Offer I June 10th, 2017
To: "Daniel M. Shulman" <Dan@tavel-law.com>

---------- Forwarded message ----------
From: **Selomon Goitom** <selomong9@gmail.com>
Date: Mon, Apr 24, 2017 at 4:45 PM
Subject: Re: G Eazy Offer I June 10th, 2017
To: Matt Bauerschmidt <matt@therevelsgroup.com>
Cc: Jamil Davis <jamil@therevelsgroup.com>

Got it

On Mon, Apr 24, 2017 at 3:56 PM, Matt Bauerschmidt <matt@therevelsgroup.com> wrote:
> pass
>
> On Mon, Apr 24, 2017 at 3:52 PM, Selomon Goitom <selomong9@gmail.com> wrote:
>> Date: June 10, 2017
>>
>> Where: Wild Things Park
>> 1 Washington Federal Way, Washington, PA
>>
>> Artist: G-Eazy
>>
>> Engagement: Lil Uzi Vert concert featuring G-Eazy as special guest
>>
>> Offer: $100,000 USD + Rooms + Ground Transportation + Hospitality Rider
>>
>> Presented by: Wild Things Park

--
Matt Bauerschmidt
The Revels Group
matt@therevelsgroup.com
505-720-7049

EXHIBIT C

From: **Selomon Goitom** selomong9@gmail.com
Subject: Fwd: G-Eazy case
Date: November 13, 2017 at 2:16 AM
To: Dimitri@oconnorhurt.com



---------- Forwarded message ----------
From: **Remi Daramola** <remi.daramola@gmail.com>
Date: Wed, Oct 11, 2017 at 10:36 AM
Subject: G-Eazy case
To: Selomon Goitom <selomong9@gmail.com>

Selomon I don't even understand and get why your name is included in this fiasco. I NEVER told them yes because never got the go ahead from you and when you told me it couldn't happen I told thesame thing like 5 weeks before the show date they had so I don't get their motive. I was just as surprise as you when you sent me the livenation ticket link

--
Remi T. Daramola - CEO & Founder
The RTD Group | www.thertdgroup.com
C: 310.736.0817 | P: 213.536.4263 | F: 213.536.4267

Facebook | Twitter | Instagram | YouTube
*Entertainment, Marketing & Promotions.*