IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WASHINGTON COUNTY FAMILY ENTERTAINMENT, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RNN ENTERTAINMENT INC.; ROMEL MARCUS; DERRICK ROBINSON; BODIE ENTERTAINMENT, INC. a/k/a THE BODIE GROUP; GUSTAV HENINGBURG II; JAMES G. EVANS; FRANCESCO CINA; MING AND SONS, LLC; GOODLIFE ENTERTAINMENT L.L.C.; JOHN WARDLOW, JR.; THE RTD GROUP, LLC; OLUREMI DARAMOLA; SELOMON GOITOM; and JOHN AND JANE DOES 1 through 10,<br><br>　　Defendants. | CIVIL ACTION NO. 2:17-cv-807<br><br>Magistrate Judge Cynthia Reed Eddy |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SELOMON GOITOM'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Washington County Family Entertainment, LLC ("WCFE"), by its undersigned counsel, files this Response in Opposition to Defendant Selomon Goitom's ("Goitom") Motion to Dismiss for Lack of Personal Jurisdiction.

WCFE filed its initial Complaint on June 16, 2017, and, with leave of court, filed an Amended Complaint adding Goitom and others as additional Defendants on August 3, 2017.[1] Goitom responded five months later with his Motion to Dismiss, alleging lack of personal

---

[1] Dkt. 1, Dkt. 13.

1

jurisdiction.[2]

jurisdiction.[2]    For the following reasons, Goitom's Motion to Dismiss fails on the merits and should be denied.

### A. This Court has personal jurisdiction over all Defendants in this RICO action pursuant to 18 U.S.C. § 1965, including Goitom.

The Amended Complaint in this action states a claim for violations of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and related supplemental common law tort claims.  18 U.S.C. § 1965 specifically provides that "Any civil action or proceeding under [18 U.S.C. §§ 1961 *et seq.*] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."  18 U.S.C. § 1965(a).  Moreover, for actions brought pursuant to 18 U.S.C. § 1964 (like this action), a district court may subject any defendant to personal jurisdiction "in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court."  18 U.S.C. § 1965(b).  This RICO statute has long been interpreted to confer personal jurisdiction over *all* defendants in a RICO action, even those who otherwise may have no contacts with the forum state, provided *any one* of those defendants would otherwise be subject to personal jurisdiction there. *See, e.g.*, *Vizant Techs., LLC v. Whitchurch*, 97 F. Supp.3d 618, 630 n.3 (E.D. Pa. 2015) ("[A]s long as minimum contacts are established as to at least one defendant in a RICO action, a district court may exercise personal jurisdiction with respect to all other members of the RICO conspiracy."); *see also Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1231 (10th Cir. 2006) ("When a civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant, summonses can be served nationwide on other defendants if required by the ends of justice.").  The "ends of justice" element is satisfied by ensuring that all

---
[2] Dkt 71.

defendants allegedly liable for RICO violations are brought before a single court, and jurisdiction and venue in this action are, therefore, indisputably proper in the Western District of Pennsylvania. *See Freedom Med., Inc. v. Gillespie*, 634 F. Supp.2d 490, 519 n.12 (E.D. Pa. 2007) ("[T]he ends of justice authorize the exercise of nationwide service of process to ensure that all defendants allegedly liable for the claimed RICO violations … can be brought before one court.") (citing *Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) ("Congress intended the 'ends of justice' provision to enable plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial.")).

Goitom offers no argument as to why he should not be held to the same standard as all other RICO defendants, or why the clear language of Section 1965 of the RICO statute should not apply to provide this Court with personal jurisdiction over him. Instead, Goitom relies on cookie-cutter general and specific personal jurisdiction arguments which simply have no applicability in situations like this instant action, where personal jurisdiction is specifically conferred by a federal statute. Fed. R.C.P. 4(k)(1)(C) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute."). Accordingly, Goitom's arguments are meritless, personal jurisdiction over him is proper in this Court, and Goitom's Motion to Dismiss should be denied.

WHEREFORE, WCFE respectfully requests that the Court deny Selomon Goitom's Motion to Dismiss in its entirety and direct him to file an answer to the Amended Complaint.

Dated: February 1, 2018

Respectfully Submitted,

GALANTER TOMOSOVICH, LLC

By: /s/ *Ryan James*
Ryan James (Pa. I.D. #82799)

*Attorneys for Plaintiff Washington County Family Entertainment, LLC*