IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WASHINGTON COUNTY FAMILY ENTERTAINMENT, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2:17-cv-807 |
| RNN ENTERTAINMENT INC., et al. | ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that Defendant Selomon Goitom's Motion to Dismiss (ECF No. 71) be DENIED.

**II.    REPORT**

    **A.  Procedural history**

Plaintiff initiated this lawsuit by the filing of a complaint on June 16, 2017 (ECF No. 1), which was later amended (ECF No. 13).  On January 11, 2018, Defendant Selomon Goitom filed a motion to dismiss for lack of personal jurisdiction (ECF Nos. 71), to which Plaintiff Washington County Family Entertainment, LLC has filed a response.  (ECF No. 82) The matter is now ripe for disposition.

    **B.  Factual Allegations**

The Complaint alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. §§ 1961 *et seq*. (Count I), as well as various torts under Pennsylvania law, namely fraudulent misrepresentation (Count II), conversion (Count III), unjust enrichment (Count IV), and civil conspiracy (Count V).  Briefly, the Amended Complaint avers

as follows.  In February 2017 Plaintiff, a master tenant at a sporting event and entertainment facility in Washington, PA, met with a live event producer and booking agent Defendant Gustav Heningburg II and others to engage various artists perform live concerts at the park, including, among others, Wiz Khalifa, Lil Uzi Vert, Migos and Skrillex. After an agreement was reached, Plaintiff paid a deposits via wire transfer for the concerts, and began the process for selling tickets.  Another artist, G-Easy, was also scheduled to perform after subsequent negotiations, an agreement, and a deposit. Plaintiff asserts Evans and Cina told Plaintiff they met with Goitom in California, Goitom's state of residence, to discuss the G-Eazy concert, in furtherance of the conspiracy. The Plaintiff learned that the parties with whom it had been negotiating and interacting were in fact not the exclusive agents or representatives for the artists. The June 10 and August 12, 2017 concerts never took place and Plaintiff demanded a refund of all wired monies.  This lawsuit followed.  Plaintiff avers a scheme to defraud by the false representations that certain defendants were the booking agents or business associates of the artists.

     **C.  Discussion**

     Defendant Goitom moves to dismiss the Amended Complaint for lack of personal jurisdiction, arguing that, as set forth in his declaration attached to the motion, we may not exercise personal jurisdiction over him as he lacks minimal contact with Pennsylvania. Defendant, a resident of California, explains that he has not availed himself of the privilege of conducting business within Pennsylvania nor has he ever physical been to Pennsylvania. He cites to Pennsylvania's long-arm statute and case law which establish that a federal court may exercise personal jurisdiction over a non-resident of this forum absent minimal contact,  42 Pa. Const. Stat. Ann § 5322(b); *Pennzoil Products Co. v. Colelli & Assocs.*, 149 F.3d 197, 202-03 (3d Cir.

1998), as well as case law supporting his contention that we lack of general or specific jurisdiction.

In its response, Plaintiff aptly notes that the Amended Complaint alleges violations of the RICO statute, which, at Section 1985, provides that "Any civil action or proceeding under [18 U.S.C. §§ 1961 et seq.] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). In Section 1964 actions, such as this one, a district court may subject any defendant to personal jurisdiction "in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court." 18 U.S.C. § 1965(b).[1] When a civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant, summons can be served nationwide on other defendants if required by the ends of justice. *Vizant Techs., LLC v. Whitchurch*, 97 F.Supp.3d 618, 630 n. 3 (E.D. Pa. 2015).

We note that there is no debate as to whether this Court has jurisdiction over other defendants; the Amended Complaint alleges that "in early February 2017, [Defendants] Evans, Cina and Heningburg met with WCFE in Allegheny and Washington Counties, Pennsylvania, to propose hosting concerts at the Park which they would book, promote, and produce." Amended

---

[1] Arguably, a finding that we have jurisdiction, is law of the case. We previously noted in this case, when other defendants sought transfer to another district (pursuant to 28 U.S.C. § 1404):

> Having this case heard in this District appears to be in the interest of justice, is not unduly inconvenient to the parties, and equity would have us err on the side of keeping all the claims together. Although the defendants are not from Pennsylvania, a significant portion of the case arose here, including negotiations with the defendants or their agents and the origination of wire transfers (Amended Complaint at ¶ 24). **The RICO statute permits that we bring the defendants before this court as well. 18 U.S.C. § 1964, 1965.**

Order dated Dec. 6, 2017 (ECF No. 57) adopting Report and Recommendation dated Nov. 16, 2017 (ECF No. 55 at 4-5) (emphasis added).

Complaint (ECF No. 13) at ¶ 24. As long as such minimum contacts are shown, where a defendant has transacted affairs such that the ends of justice require jurisdiction over other parties, we may exercise personal jurisdiction with respect to all other members of the alleged RICO conspiracy. *See e.g., Southmark Prime Plus, L.P. v. Falzone*, 768 F. Supp. 487, 490 (D. Del. 1991) ("If venue is proper in a district pursuant to 18 U.S.C. § 1965(a) or 28 U.S.C. § 1391 as to one or more defendants, venue will also be proper with respect to defendants not covered by these venue provisions if, pursuant to 18 U.S.C. § 1965(b), the 'interests of justice' dictate that these other defendants be brought before the same court."); *Shulton, Inc. v. Optel Corp.*, Civ. A. 85–2925, 1986 WL 15617 (D. N.J. Sept.29, 1986) ("Generally, however, the ends of justice requirement is fulfilled when venue is properly laid in the district in question under section 1965(a) at least as to one defendant, and there exists no other district in which venue would be appropriate as to all defendants*."); Farmers Bank of State of Del. v. Bell Mortg. Corp* ., 577 F. Supp. 34, 35 (D. Del. 1978) (holding § 1965(b) expresses the "desirability of having the whole action litigated in one court"). Accordingly, there is no merit to Defendant Goitom's arguments, and his motion to dismiss should be denied.

### III.    CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendant's Motion to Dismiss (ECF No. 71) be DENIED.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed. R. Civ. P. 6(d) and 72(b)(2), and LCvR 72.D.2, the parties may file objections by **June 18, 2018.** The parties are

cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

s/ <u>*Cynthia Reed Eddy*</u>
Cynthia Reed Eddy
United States Magistrate Judge

Dated:  June 4, 2018