IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| WASHINGTON COUNTY FAMILY ENTERTAINMENT, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> RNN ENTERTAINMENT INC., et al., <br><br> Defendants. | Civil Action No. 2:17-CV-00807 <br><br> United States District Judge <br> Cathy Bissoon <br><br> Chief United States Magistrate Judge <br> Cynthia Reed Eddy |

**MEMORANDUM ORDER**

Presently before the Court is a motion for leave to file Second Amended Complaint (ECF No. 159) by Plaintiff, Washington County Family Entertainment, LLC ("WCFE"). Plaintiff seeks to add three new defendants[1] and one new cause of action against existing or additionally named defendants.

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend its pleading without leave within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). However, in all other situations, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." When justice so requires, the request for leave to amend should be granted freely. *Id.* "This standard encompasses a broad range of equitable factors, including a party's delay in

---

[1] The following defendants have had default judgment entered against them: Ming and Sons, LLC, RNN Entertainment Inc., The RTD Group, LLC, John Wardlow, Jr., Oluremi Daramola, and Goodlife Entertainment L.L.C. (ECF No. 130). Plaintiff stipulated to the dismissal of Selomon Goitom. (ECF No. 99). The proposed Second Amended Complaint does not aver claims against the already defaulted defendants.

1

seeking leave to amend and any prejudice to the opposing party. Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citation omitted). Other equitable factors courts should consider include, bad faith, dilatory motive by the plaintiff, repeated failure to cure deficiencies, and futility of an amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A grant or denial of a motion for leave to file an amended complaint is "within the discretion of the District Court," however if the court denies such a motion, it must have a "justifying reason" for doing so. *Id.*

After consideration of all the relevant factors, leave to amend will be granted. WCFE has represented that it learned of certain facts during recent depositions of party defendants Evans and Marcus, and on the basis of those facts, leave to amend is sought. The Court was notified promptly of the situation on June 5, 2019 when a Joint Motion to Stay Discovery was filed. (ECF No. 156). At that point in time discovery was set to end June 6, 2019. Discovery has since been stayed pending the disposition of the motion to amend.

The motion is unopposed by defendants Gus Heningburg II, James Evans, Francesco Cina, Bodie Entertainment, Inc., a/k/a The Bodie Group, LLC and proposed additional defendants Gannon Wealth Security Partners, LLC ("GWSP") and FC Consultants, LLC ("FCC") (ECF No. 160-2). Proposed additional Defendants GWSP and FCC will be represented by existing counsel of record. *Id.* There is no indication in the record as to whether the motion is opposed by proposed defendant Shane A. Halls ("Halls"). *Pro se* defendant Romel Marcus has filed a response in which he objects to the accuracy of the proposed amendments themselves. (ECF No. 161). Defendants John Does 1-10 remain so named in the proposed Second Amended Complaint.

In support of its motion, WCFE represents that fact discovery established that GWSP, FCC, and Halls fraudulently accessed, obtained, diverted, and converted funds wired by WCFE for the sham concerts at issue in this case, and were otherwise intentionally associated with the subject ongoing fraudulent concert enterprise and participated, directly and indirectly, in the conduct of the fraudulent racketeering activities at issue in this action. (ECF No. 159-1 (Proposed Second Am. Compl). ¶¶ ¶¶ 46-47, 49, 67-68, 81.) WCFE's proposed Second Amended Complaint restates and supplements its previously averred claims as against Marcus, Robinson, GWSP, FCC and Halls (*id.* ¶¶ 91-106, 114-141), and also adds a related claim against these parties for their violations of 18 U.S.C. § 1962(d) (RICO conspiracy). (Id. ¶¶ 107-113.)

The sole opposition to the motion arises from *pro se* defendant Romel Marcus, whose response addresses the merits of the WCFE's proposed amendments, rather than whether leave should be granted under the applicable legal standard. Regardless, at this juncture and given the nature of the proposed amendments, his objections will be overruled. Although certain delay has resulted from the filing of the motion, such delay has not been substantial and we see no evidence of bad faith or dilatory motive. Rather, the amendments will serve the interest of justice as they reflect WCFE's understanding of its case. In addition, no prejudice will result in the granting of the motion as discovery will be extended to allow for further development of the record.

Finally, we note that WCFE's reply (ECF No. 162) objects to Marcus' "untimely" response to the motion, seeks to strike the response and requests sanctions. Under the circumstances, to the extent WCFE's reply is a motion, it will be denied. We realize that unrepresented parties can prove to be a challenge during litigation. Nevertheless, Mr. Marcus is

entitled to represent himself and will not be sanctioned for not understanding how to write a legally-sufficient response. As to timeliness, the court further notes that Mr. Marcus sent an email to Plaintiff's counsel on the day his notification to WCFE's counsel was due (July 22, 2019) as to whether he consented to the filing of the proposed Second Amended Complaint. He sought clarification and guidance from opposing counsel. In order to address WCFE's frustration with Mr. Marcus' email, the court held a telephone conference on June 26, 2019 at which time, WCFE now admits, it was put on notice that Mr. Marcus intended to oppose the amendments, although the grounds for his opposition remained unclear. Furthermore, to the extent WCFE takes issue with Mr. Marcus failing to comply with court orders in a timely fashion, we note he was required to file a response to WCFE's Motion for Leave on or before August 12, 2019. His response, however legally flawed, was filed on August 20, 2019, but mailed on August 12, 2019, the date it was due. Given his *pro se* status and the date he mailed his response, WCFE's request for sanctions for "non-compliance" with pretrial orders is unfounded.

AND NOW, this 28th day of August, 2019, IT IS HEREBY ORDERED that the Joint Motion to for Leave to File Second Amended Complaint (ECF No. 159) is GRANTED and the Plaintiff shall file the Second Amended Complaint FORTHWITH. It is FURTHER ORDERED THAT:

1). Upon the filing of the Second Amended Complaint, the Clerk of Court shall issue the Summonses for the newly-added defendants as follows:

    a.    Gannon Wealth Security Partners, LLC, 132 21st Street, Brooklyn, New York 11232;

    b.    FC Consultants, Inc., 23 Rimwood Lane, Colts Neck, New Jersey 07722; and

     c.     Shane A. Halls, 565 Lefferts Avenue, Brooklyn, New York 11203; and

2). A separate Case Management Order will be entered at an appropriate time.

                                 BY THE COURT:

                                 s/*Cynthia Reed Eddy*
                                 Cynthia Reed Eddy
                                 Chief United States Magistrate Judge

cc:     ROMEL MARCUS
        570 Lefferts Avenue
        Apartment 4E
        Brooklyn, NY 11203

        DERRICK ROBINSON
        570 Lefferts Ave. Apt. 4E
        Brooklyn, NY 11203

        All counsel of record via CM/ECF electronic notification